**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LANDSTAR RANGER, INC.,

      Plaintiff,

v.                           Case No.   3:24-cv-857-MMH-LLL

JC TANDA TRANSPORT, INC.,
et al.,

      Defendants.

                                 /

## O R D E R

**THIS CAUSE** is before the Court on the Joint Brief Regarding Court's Retention of Jurisdiction and Dismissal With Prjudice [sic] (Doc. 92; Joint Brief), and the amended Joint Stipulation for Final Order of Dismissal with Prejudice Against Defendant, JC Tanda Transport, Inc. (Doc. 93; Amended Stipulation), both filed on March 24, 2026. On March 9, 2026, Plaintiff Landstar Ranger, Inc. and Defendant JC Transport, Inc. filed a Joint Stipulation for Final Order of Dismissal with Prejudice Against Defendant, JC Tanda Transport, Inc. (Doc. 90; Original Stipulation). In the Original Stipulation, Landstar and JC Tanda "stipulated and agreed" that this case "be dismissed with prejudice . . . ." <u>See</u> Original Stipulation at 1.[1] The parties

---

[1] Although the language of the Original Stipulation is less than precise, the Court understood the parties to mean that they stipulated to the dismissal of the action between

included a statement that "[t]he Court shall retain jurisdiction to enforce the terms of the settlement, if necessary." Id.

On March 10, 2026, the Court entered an Order (Doc. 91) explaining that the Court does not "routinely retain jurisdiction to enforce the terms of a private settlement agreement." See Order at 1. As such, the Court stated that it would defer dismissing the case "to allow the parties an opportunity to file a brief with the Court as to why the Court should retain jurisdiction to enforce the terms of the settlement and, if so, the duration of the retention of jurisdiction." Id. at 2. In response, the parties filed the Joint Brief and the Amended Stipulation. In the Joint Brief, the parties seek to withdraw the Original Stipulation because it "was mistakenly not conditioned upon the Court's entry of an order retaining jurisdiction." See Joint Brief at 3-4. And in the Amended Stipulation, the parties expressly condition its effectiveness on the Court's entry of an order retaining jurisdiction to enforce the terms of their settlement agreement. See Amended Stipulation at 2. Upon review, the Court finds that its jurisdiction over the action between Landstar and JC Tanda ended on March 9, 2026, and as such, the Court is unable to retain jurisdiction over their settlement agreement at this time.

---

Landstar and JC Tanda. Landstar has separately filed a motion for default judgment as to its claims against Defendant Ghotra Boy Transport Inc. See Plaintiff's Renewed Motion for Entry of Default Judgment Against Defendant Ghotra Boy Transport, Inc. and Memorandum of Law in Support of Motion for Entry of Default Judgment (Doc. 89), filed February 18, 2026.

A stipulation of dismissal under Rule 41(a)(1)(A)(ii) is "self-executing and dismisses the case upon its becoming effective." Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012). "The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence." Id. Once the stipulation becomes effective, a district court "may not take action . . . because the stipulation dismisses the case and divests the district court of jurisdiction." Id. (emphasis added). Indeed, the court "has no power to enter orders after a Rule 41(a)(1)(A)(ii) stipulation becomes effective . . . ." Id. at 1280. Thus, where parties dismiss an action pursuant to a Rule 41(a)(1)(A)(ii) stipulation, the district court can retain jurisdiction to enforce a settlement agreement only if: (1) the court issued an order retaining jurisdiction prior to the filing of the stipulation, or (2) the parties "condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." Id.

Here, as the parties acknowledge in the Joint Brief, the Original Stipulation "was filed under Rule 41(a)(1)(A)(ii) . . . ." See Joint Brief at 3. The Court did not enter an order retaining jurisdiction prior to the filing of the Original Stipulation. Moreover, it is undisputed that the Original Stipulation did not condition dismissal on the issuance of an order retaining jurisdiction. Id. at 4. Indeed, the statement in the Original Stipulation that the Court "shall retain jurisdiction to enforce the terms of the settlement" makes no request of

- 3 -

the Court and seeks "to extend jurisdiction by agreement only . . . ."   See Anago

Franchising, Inc., 677 F.3d at 1280.   The Eleventh Circuit considered similar

language in Anago Franchising and found it to be insufficient.   See id.

Accordingly, pursuant to this binding Eleventh Circuit authority, the Original

Stipulation effectuated a dismissal upon its filing and, as of that moment,

divested the Court of jurisdiction to enter any further orders pertaining to the

action between Landstar and JC Tanda.   See id. at 1280.[2]   As such, the Court

lacked jurisdiction to enter the March 10, 2026 Order deferring the dismissal of

this case.   And to the extent the parties now ask the Court to retain jurisdiction

to enforce their settlement agreement, the Court lacks jurisdiction to do so.[3]

In light of the foregoing, the Court will vacate the March 10, 2026 Order

and strike the ineffective Amended Stipulation.   See Amended Stipulation at

---

[2] In the Joint Brief, the parties "request withdrawal" of the Original Stipulation.   See Joint Brief at 1.   But the parties cite no authority in support of this request and as such, the Court declines to consider it.   Indeed, a request for a court order "must be made by motion," see Rule 7(b)(1), and include a legal memorandum in support, see Local Rule 3.01(b).

[3] Moreover, as previously explained, the Court does not routinely retain jurisdiction to enforce private settlement agreements, particularly when the Court has not been provided with a copy of the agreement or been made aware of its terms.   See Order (Doc. 91).   The parties do not address in the Joint Brief or the Amended Stipulation why this case presents the unusual circumstance that would warrant the retention of jurisdiction over their settlement, nor have they provided the Court with the terms of their agreement.   In the event judicial enforcement of the settlement is necessary, the parties may obtain relief through a breach of contract action in the appropriate court.   See Anago Franchising, Inc., 677 F.3d at 1281.

2.[4]  When jurisdiction ceases to exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."   See Anago Franchising, Inc., 677 F.3d at 1281 (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1869)).   Accordingly, it is

**ORDERED:**

1. The March 10, 2026 Order (Doc. 91) is **VACATED**.

2. The Joint Stipulation for Final Order of Dismissal with Prejudice Against Defendant, JC Tanda Transport, Inc. (Doc. 93) is **STRICKEN**.

3. As effectuated by the Joint Stipulation for Final Order of Dismissal with Prejudice Against Defendant, JC Tanda Transport, Inc. (Doc. 90), the claims Plaintiff raised against Defendant JC Tanda Transport, Inc. are **DISMISSED with prejudice**.

4. Each party shall bear its own attorneys' fees and costs.

5. The Clerk of Court is directed to terminate this Defendant from the Court docket.

---

[4] The Court notes that, unlike the Original Stipulation, the Amended Stipulation includes fictitious Defendants Jane and John Doe I-V.   See Amended Stipulation at 2. However, this attempt to voluntarily dismiss Doe Defendants I-V is ineffective because the Amended Stipulation is conditioned on the Court's retention of jurisdiction over Landstar's settlement agreement with JC Tanda.   See Anago Franchising, Inc., 677 F.3d at 1280 n.4 ("If the district court does not issue an order retaining jurisdiction, the stipulation would simply not become effective and the case would not be dismissed.").   If Landstar seeks to voluntarily dismiss the Doe Defendants, it may do so with a notice of dismissal under Rule 41(a)(1)(A)(i) because the Doe Defendants have not appeared in this case.

6. On or before **April 28, 2026,** Plaintiff shall file a notice advising the Court of its intention as to Defendants Jane and John Doe I-V, as well as Jane and John Doe VI-X.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record